Edward J. Petterson, by Louis F. Petterson, Appellee,
v. Martha Gnatek, Appellant.

Gen. No. 22,730.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. SAMUEL
H. TRUDE, Judge, presiding. Heard in this court at the October
term, 1916. Affirmed. Opinion filed April 16, 1917. Rehearing de-
nied April 30, 1917.

### Statement of the Case.

Action by Edward J. Petterson, a minor, by Louis
F. Petterson, his next friend, plaintiff, against Martha
Gnatek, defendant, to recover damages for injuries
sustained by a fall from the rear porch at the second
floor of a building owned by defendant. From a judg-
ment for plaintiff for four hundred dollars, defendant
appeals.

MAX KRAUSS, for appellant.

JONES & KERNER, for appellee.

MR. JUSTICE DEVER delivered the opinion of the
court.

### Abstract of the Decision.

1. LANDLORD AND TENANT, § 230*—*what constitutes a common
way which landlord is under duty to repair.* Where a three-story
tenement building was provided with rear porches on each story
communicating with each other by stairways, which were the only
means of ingress and egress from the rear for the second and third
stories, *held* that the first and second porches should be regarded
as a common way which it was the duty of the owner of the build-
ing to keep in a reasonably safe condition for such persons as might
have a legal right to use the same.

2. LANDLORD AND TENANT, § 230*—*when landlord liable for in-*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

*juries due to nonrepair of common way.* Where a three-story tenement building was provided with rear porches on each story connecting with each other by stairways and used as a common way by the tenants of the second and third stories, *held* that the fact that part of the second-story porch upon which the accident to the plaintiff occurred by reason of the defective condition of such porch a few feet away from the stair opening was in the exclusive control and possession of the tenant of the second story would not relieve the owner of the building from liability because of such defective condition, in an action by an occupant of the third story to recover damages for injuries sustained by reason of such condition.

3. LANDLORD AND TENANT, § 258*—*when evidence sufficient to show notice by landlord of defective condition of porch.* Evidence *held* sufficient to warrant the finding that defendant had notice of the defective condition of a certain plank in a porch, by reason of which plaintiff was injured, or by the exercise of reasonable care could have had such notice, in an action against a landlord to recover damages for such injuries.